UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IL FORNAIO (AMERICA) LLC, formerly
known as IL FORNAIO (AMERICA)
CORPORATION,

        Plaintiff,

    v.

ARTHUR J. GALLAGHER RISK
MANAGEMENT SERVICES, LLC, and
DOES 1 to 10, inclusive

        Defendants.

No.  C 23-04378 WHA

**ORDER RE PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES**

## INTRODUCTION

In this insurance matter, plaintiff's motion to strike affirmative defenses in defendant's answer to the first amended complaint is **GRANTED**.

## STATEMENT

Defendant Gallagher was the insurance broker for IFCB Holding Corporation ("IFCP") between July 2006 and October 2016, and again between September 2019 and July 2020. Marsh was IFCP's insurance broker from 2016 to September 2019.  In June 2019, IFCP procured a policy called "Private Edge Policy" which covered IFCB and its subsidiaries.  Both sides dispute whether Il Fornaio was a subsidiary of IFCP and therefore covered under the policy (Compl. ¶ 6; Dkt. No. 28 at 8).  In September 2019, Plaintiff Il Fornaio was acquired by

IFCP.  Defendant was retained by plaintiff to assist with procuring insurance policy called the "Argo policy" for a period between September 2019 and September 2020.

In October 2019, a female employee filed a complaint with California's Department of Fair Employment & Housing and Equal Employment Opportunity Commission, alleging wrongful employment-related conduct.  In May 2020, plaintiff advised defendant of the employment claim.  Defendant informed plaintiff that the Argo insurance policy might cover the employment claim, but the Private Edge policy would not.  Based on this advice, plaintiff tendered the claim to the Argo policy.  Argo denied the claim because it had taken place before the policy period for Argo had begun.  Plaintiff contends that the Private Edge policy would have covered the claim had it tendered timely.

In August 2022, the EEOC filed a class action complaint in the Central District alleging that supervisors and managers at Il Fornaio restaurants had a practice of harassment and discrimination.  The female employee who had filed an EEOC complaint in October 2019 was a subject of the claim in the EEOC action.

Plaintiff filed suit against defendant in July 2023, alleging that defendant negligently failed to tender the employment claim under the Private Edge policy.  In August 2023, defendant filed its answer and removed the action to this Court.  In December 2023, plaintiff was permitted to file its first amended complaint to identify the correct defendant.  On December 26, 2023, defendant filed its answer to the first amended complaint.  Plaintiff filed the instant action on January 16, 2024.

**ANALYSIS**

Under Rule 12(f), a district court may strike from the pleadings "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FRCP 12(f).  Although "motions to strike are generally disfavored," *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 896 (N.D. Cal. 2011) (Judge Joseph Spero), the purpose of Rule 12(f) is to "avoid the

United States District Court
Northern District of California

expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F. 3d 970, 973 (9th Cir. 2010).

### 1.   TIMELINESS OF PLAINTIFF'S MOTION TO STRIKE.

This order first addresses a threshold matter.  A motion to strike initiated by a party must be made within 21 days after being served with the pleading where a response is not allowed. FRCP 12(f)(2).  Defendant contends that the instant motion is untimely because it filed its answer to the original complaint on August 23, 2023, and the instant motion was filed on January 16, 2024.  Plaintiff's motion, however, is in response to defendant's answer to the amended complaint, which was filed December 26, 2023.  Given that plaintiff filed the instant motion exactly 21 days after the answer to the amended complaint was filed, this order finds the instant motion in accordance with Rule 12(f)(2) and is not untimely.

### 2.   PLEADING STANDARD.

Next, this order turns to the applicable pleading standard for affirmative defenses.  Both sides disagree as to the correct standard; plaintiff argues that the *Twombly* standard applies, and defendant argues that the "fair notice" standard applies.

Rule 8 sets forth the general rules of pleading for complaints and answers. A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," whereas a responsive pleading must "affirmatively state any avoidance or affirmative defense."  FRCP 8(a)(2), (c)(1).  Our court of appeals has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

United States District Court
Northern District of California

Following the Supreme Court's decision to implement a heightened standard for complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the courts in this district, including the undersigned, have generally applied the *Twombly-Iqbal* pleading standard to affirmative defenses. *Fishman v. Tiger Natural Gas Inc.,* 2018 WL 4468680 at *2 (N.D. Cal. Sept. 18, 2018). Our court of appeals has not yet addressed the issue.

However, our court of appeals has declined to reverse a district court's grant of summary judgment on one of a defendant's affirmative defenses to an ADA claim against it. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). There, without mentioning *Twombly* or *Iqbal*, the court noted that the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Ibid*. The court's use of the term 'fair notice' has led some courts in this district to conclude that the *Twombly-Iqbal* standard does not apply to affirmative defenses.

Despite this, courts in this district, including the undersigned, continue to require affirmative defenses to meet the *Twombly-Iqbal* standard. *J&K IP Assets, LLC v. Armaspec, Inc.*, 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018) (Judge William Orrick); *Cabrera v. Alvarez*, 2013 WL 3146788, at *3 (N.D. Cal. June 18, 2013) (Judge Susan Illston). In light of this, this order finds that the *Twombly-Iqbal* standard is appropriate for affirmative defenses in order to avoid expending unnecessary time and resources on issues which can be disposed of prior to trial. Therefore, a party pleading an affirmative defense must state "enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility." *Twombly*, 550 U.S. at 570. As such, legal conclusions are not sufficient.

Nonetheless, there is a disparity between a plaintiff's ability to investigate and to choose exactly when it is ready to file a complaint versus a defendant who only has fourteen days to answer and assert affirmative defenses, even when it has not yet learned all the details

4

sufficient to allege the plausible.  This order takes this disparity and incongruity into consideration into account.

Having established the relevant pleading standard, this order now turns to affirmative defenses cited in plaintiff's motion.  Plaintiff's motion places defendant's affirmative defenses in two categories: conclusory affirmative defenses and non-affirmative defenses.  This order will address each in turn.

### A.     Factually Insufficient Defenses

Plaintiff alleges that defendant's fifth, sixth, and seventh affirmative defenses do not provide fair notice of the asserted defense "other than the bare legal conclusions." (Dkt. No. 25 at 5).  Defendant's fifth affirmative defense asserts that plaintiff's damages were caused by the "primary negligence and/or acquiescence . . . by [p]laintiff . . . and/or anyone acting on [p]laintiff's behalf" (Dkt. No. 21 ¶ 5).  "By reason thereof, [p]laintiff is not entitled to damages or any relief whatsoever against [d]efendant" (*ibid*.).  Plaintiff argues in its motion that other than "bare legal conclusions," the defense fails to identify or explain how any persons or entities are responsible for plaintiff's injury (Dkt. 25 at 5).  This order agrees.  This defense lacks the factual support to survive *Twombly*; defendant's use boilerplate language alone is insufficient to provide plaintiff with fair notice of what it asserts as a defense.  So too with the sixth and seventh affirmative defenses.  The sixth defense posits that "[d]efendant is informed and believes . . . the [p]laintiff is in some manner a certain percentage responsible for the [p]laintiff's non-economic damages" (Dkt. No. 21 at 7).  Yet, defendant fails to provide factual support with this defense.  Likewise, the seventh defense alleges that plaintiff's damages were caused by the negligence and/or acts or omissions of parties other than defendant," but fails to provide fair notice as to who these other parties are.  Therefore, the fifth, sixth, and seventh affirmative defenses are **STRICKEN WITH LEAVE TO AMEND**.  The Judge now knows enough

about this case and the competing contentions to believe defense counsel could have filled in a lot more detail on these defenses.

Next, plaintiff alleges that defendant's ninth affirmative defense for "failure of condition" is insufficiently pleaded because it must be plead with particularity. Defendant's ninth defense asserts that plaintiff is "barred from prosecuting the purported causes of action," because plaintiff has failed to "perform all or any conditions . . . to be performed as between the parties herein" (*id.* at 8). This order agrees with plaintiff that defendant is required, pursuant to Rule 9(c), to assert facts with particularity when denying that a condition precedent has been performed. Here, defendant fails to even meet the *Twombly* standard, conclusively asserting that plaintiff is barred from prosecuting with no factual support. As such, the ninth affirmative defense is STRICKEN WITH LEAVE TO AMEND.

Lastly, plaintiff alleges that defendant's thirteenth, fourteenth, and fifteenth affirmative defenses should be stricken because they "simply state the doctrine with no factual or legal explanation." (Dkt. No. 25 at 6). This order agrees with plaintiff. In the absence of any factual support, legal conclusions cannot survive *Twombly* and do not provide plaintiff with fair notice. As such, the thirteenth, fourteenth, and fifteenth affirmative defenses are STRICKEN WITH LEAVE TO AMEND.

### B.    Negative Defenses Improperly Pleaded as Affirmative Defenses.

This order now turns to the second category of defendant's affirmative defenses, which are more accurately characterized as non-affirmative or native defenses. Plaintiff moves to strike defendant's first, third, fourth, sixth, tenth, eleventh, and twelfth defenses because they contend that plaintiff will not meets its burden of proof instead of positing an affirmative defense. Defendant argues that these should not be stricken because they are valid negative defenses. This order finds, however, that where a defense states that the plaintiff has not met

its burden of proof, it is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080 (9th Cir. 2002). Such a defense is "merely a rebuttal against the evidence [to be] presented by the plaintiff" and, consequently, when pleaded as an affirmative defense, is "redundant" and subject to being stricken "so as to simply and streamline litigation." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173–74 (N.D. Cal. 2010).

Plaintiff asserts that defendant's first and third defenses should be stricken because they assert that there is a defect in plaintiff's prima facie case. The third defense is that defendant has "fully and/or substantially performed any and all" obligations it may have had to plaintiff (Dkt. No. 21 at 7). This order finds that neither of these defenses are affirmative in nature. Rather, they merely deny the elements of proof plaintiff must prove. As such, it is improper to plead these two defenses as affirmative defenses and are STRICKEN WITHOUT LEAVE TO AMEND.

Next, plaintiff moves to strike defendant's tenth, eleventh, and twelfth defenses. The tenth defense asserts that plaintiff "was not injured as a proximate result of any act for which [d]efendant is responsible" (Dkt. No. 21 at 9). Since the tenth defense is not affirmative in nature, it is hereby STRICKEN WITHOUT LEAVE TO AMEND. The eleventh and twelfth both relate to proximate cause, an aspect of plaintiff's burden, and seek to disprove that plaintiff has met its burden. Again, given that they are both negative in nature, the eleventh and twelfth defenses are STRICKEN WITHOUT LEAVE TO AMEND.

Plaintiff also moves to strike the fourth defense of "intervening and superseding cause" which states that plaintiff's damages were "contributed by the negligence or wrongful conduct of other parties . . . and that their negligence or wrongful conduct was an intervening and superseding cause." (Dkt. No. 21 at 7). Plaintiff argues that this defense is substantively

identical to the eleventh defense (Dkt. No. 21 at 9).  Because the fourth defense is redundant, it is hereby **STRICKEN WITHOUT LEAVE TO AMEND**.

Lastly, plaintiff seeks to strike defendant's sixteenth defense which states that defendant "alleges that it has not yet completed a thorough investigation . . . of the subject matter of the [c]omplaint and, accordingly, reserves the right to amend . . . its answer and to plead such other defenses" (Dkt. No. 21 at 10).  Plaintiff argues that this is not an affirmative defense, but rather an attempt at reserving right; it does not negate defendant's liability and is "redundant and immaterial" (*ibid*.).  This order agrees.  The sixteenth defense is **STRICKEN WITHOUT LEAVE TO AMEND**.

In conclusion, this order finds these negative defenses improperly pled as affirmative defenses and are therefore **STRICKEN**.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion to strike defendant's affirmative defenses is **GRANTED**.  Leave to amend the fifth, sixth, seventh, ninth, thirteenth, fourteenth, and fifteenth defenses is **GRANTED**.  Defendant shall assert amended affirmative defenses by **APRIL 3, 2024**.

**IT IS SO ORDERED.**

Dated:  March 20, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE