UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IL FORNAIO (AMERICA) LLC,

    Plaintiff,

  v.

ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, LLC ERRONEOUSLY SUED AS ARTHUR J. GALLAGHER & CO. INSURANCE BROKERS OF CALIFORNIA, INC.,

    Defendant.

No. 23-cv-04378-WHA

**ORDER REGARDING PLAINTIFF'S MOTION FOR EXPENSES**

## INTRODUCTION

In this insurance broker case, plaintiff moves for expenses in light of discovery disputes pursuant to Rule 37(a)(5). Plaintiff's motion for expenses is **GRANTED IN PART**.

## STATEMENT

In brief, defendant insurance broker allegedly advised plaintiff restaurant firm to notify the wrong insurance carrier in connection with an EEOC proceeding brought against it. Plaintiff, however, chose not to give notice to carrier. After it became too late to give notice to the alleged right carrier, plaintiff brought this suit claiming it was prejudiced by the erroneous advice by the insurance broker. Plaintiff filed three motions to compel discovery responses from defendant (Dkt. Nos. 31-33) and defendant also filed a motion to compel discovery production from plaintiff (Dkt. No. 40). Plaintiff then waited to seek expenses in connection with the four previous discovery motions. Plaintiff was subsequently granted leave to file five pages regarding expenses in connection with the earlier discovery disputes. However, plaintiff filed the instant motion for expenses which greatly exceeded five pages. Plaintiff was

1    subsequently ordered to show cause as to why anything beyond the first five pages of its
2    motion should be considered. This order follows full briefing and oral argument.

### ANALYSIS

Under Rule 37(a)(5)(A), if the district court grants a motion to compel discovery, it "must" require the party whose conduct necessitated the motion to pay to the moving party the reasonable costs, including attorney's fees, incurred in making the motion, except if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. The party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified. FRCP 37(a)(4). If a discovery motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." FRCP 37(a)(5)(C).

Here, plaintiff moves for expenses in the amount of $38,784.68 for two sets of discovery motions. *First*, plaintiff argues that it successfully opposed defendant's motion to compel (Dkt. No. 40). *Second*, plaintiff moves for expenses on its three motions to compel with respect to requests for production (Dkt. No. 33), interrogatories (Dkt. No. 31), and requests for admission (Dkt. No. 32). Defendant opposes the motion for expenses on the grounds that plaintiff yielded mixed results and did not fully succeed on any of these motions.

### A.    *Defendant's Motion to Compel (Dkt. No. 40).*

This order agrees with defendant that plaintiff did not successfully oppose defendant's motion to compel, within the meaning of Rule 37(a).

By the time the motion was heard before the district judge, the remaining issue was whether plaintiff would be compelled to produce the entire purchase agreement. During the hearing, the district judge disagreed with plaintiff's relevancy argument, nor did the district judge designate the document for 'attorney's eyes only' as requested by plaintiff. Instead, the judge ordered counsel to remain in the courtroom to review the purchase agreement in person and determine whether individual provisions were relevant. In the event that parties disagreed

1   on a passage, the judge would have ruled on the passage. However, both sides were then able
2   to resolve the dispute quickly without further ruling. Therefore, plaintiff did not successfully
3   oppose defendant's motion to compel. The motion is **DENIED**.

### B. Plaintiff's Motions to Compel (Dkt Nos. 31, 32, 33).

This order now turns to plaintiff's motion for expenses based on its three motions to compel.

#### (i) Request for Interrogatories 2 and 4 (Dkt. No. 31).

With respect to Interrogatory 2, defendant was compelled to provide a complete response. However, the judge accepted defendant's representation that no further response was required for Interrogatory 4. Therefore, plaintiff's motion was granted in part and denied in part. For this reason, this order may apportion reasonable expenses. FRCP 37(a)(5)(C).

#### (ii) Requests for Admission 13 and 14 (Dkt. No. 32)

Instead of admitting or denying the allegations set forth in these requests, defendant simply objected to them. During the hearing, the district judge noted that plaintiff had not supplied defendant with each item it relied upon to support the notion that the insurance policy covered plaintiff's claim which would, in turn, inform whether defendant could respond to the request for admission. Defendant was then ordered to admit or deny these requests for admissions once the expert reports have been filed. The experts must take a position on the question laid out in these two requests. Therefore, defendant was not ordered to provide further response at that time.

#### (iii) Requests for Production 6, 7, and 8 (Dkt. No. 33).

With respect to requests 6 and 7, plaintiff's motion was granted insofar as the judge provided a specific time window (May 2020 to July 2020) for defendant to produce all responsive documents and communications. With respect to request 8, defendant was ordered to produce all responsive documents and communications. Therefore, plaintiff's motion was successful.

### C. Reasonable Expenses.

Plaintiff seeks a total of $38,784.68 in fees and costs. More specifically, plaintiff seeks $17,940.68 for opposing defendant's motion to compel; $15,844 for its three motions to compel; and $5,000 for bringing the instant motion for expenses. To the extent stated below, plaintiff's motion for expenses is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff seeks $17,097.50 in fees and $843.18 in travel costs for opposing defendant's motion to compel. Because plaintiff did not successfully oppose this motion, as stated, these expenses are **DENIED**.

Plaintiff also seeks $14,944 in fees and $900 in travel costs for raising its three motions to compel. Given that this order is only required to award expenses for motions that have been granted, plaintiff is hereby awarded expenses pursuant to its motion to compel requests for production (Dkt. No. 33). Further, in its discretion, this order will also award plaintiff partial fees for its partially successful motion to compel requests for interrogatories (Dkt. No. 31). This order declines to award plaintiff any fees for its motion for requests of admission (Dkt. No. 32) because this order finds that defendant was substantially justified in objecting to respond given that plaintiff had not disclosed all the documents necessary to respond. FRCP 37(a)(5)(A)(ii).

Lastly, plaintiff seeks fees in bringing this motion for expenses. Given that plaintiff's motion goes well over the five-allotted pages, additional hours will be deducted. With this in mind, this order will now review plaintiff's invoice and make the appropriate deductions.

Attorney Cameron Patel invoiced 2.4 hours at $375 per hour. This order does not make any further adjustments.

Attorney Vernick invoiced 6.6 hours at $635 per hour. Given that Attorney Vernick did not appear on the February 27 hearing, this order deducts three hours from her February 26 entry for which she was "prepar[ing] for hearing on motion to compel" (Dkt. No. 60-1 at 7). Further, given that the motion to compel requests for interrogatories (Dkt. No. 31) was only partially successful, this order will deduct an additional 1.7 hours. As such, Attorney Vernick will be awarded 1.9 hours.

4

Attorney Karamally invoiced 5.5 hours at $420 per hour. Given that a majority of the time was spent drafting the motion for expenses, which went over the allotted length, this order will deduct 3 hours. As such, Attorney Karamally will be awarded 2.5 hours.

Attorney Lieb, who wrote the bulk of the motions and appeared at the hearing on February 27, invoiced 22.1 hours at $400 per hour. Because this order declines to award fees based on the motion to compel requests for admission (Dkt. No. 32), this order will deduct four hours. This order also deducts 0.4 hours from February 24 in "coordinat[ing] travel" (Dkt. No. 60-1 at 7). As such, Attorney Leib will be awarded 17.7 hours.

After the aforementioned adjustments, plaintiff's motion for fees and expenses for its motions to compel is **GRANTED IN PART** for a total of **$10,186.50 in expenses**.

## CONCLUSION

In the view of the district court, these counsel and parties have over litigated the discovery issues, but defendant has been somewhat more at fault than plaintiff, so some award is warranted in favor of plaintiff.

Plaintiff's motion for expenses is **GRANTED IN PART** for a total of **$10,186.50** in fees and expenses which shall be paid by defendant **BY MAY 18, 2024**.

**IT IS SO ORDERED.**

Dated: April 18, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE